UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-138-PEP

EVELYN OSBORNE,                                                                                                     PLAINTIFF,

V.                          **MEMORANDUM OPINION**
                                     **AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                           DEFENDANT.

## I. INTRODUCTION

Plaintiff, Evelyn Osborne, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for supplemental security income. This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income on July 17, 2001.[1] (Tr. 75-79.) The claim was denied initially and on reconsideration. (Tr. 52-55, 58-61.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Charlie P. Andrus (hereinafter "ALJ"), was conducted on March 15, 2003. (Tr. 329-347.) Plaintiff, accompanied by her attorney, testified at the hearing. (Id.) Also testifying was vocational expert Donald J. Woolwine (hereinafter "VE"). (Id.) On October 31, 2003, the ALJ issued an adverse administrative decision. (Tr. 11-20.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for supplemental security income. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 4-6) and Plaintiff now seeks judicial review.

Plaintiff was forty-eight years old at the time of the administrative decision. (Tr. 18.) Plaintiff's education is limited to the tenth grade and her past relevant work

---

[1] Plaintiff has filed two previous applications. On August 16, 1995, Plaintiff filed an application for a period of disability and disability insurance benefits. The application was denied initially and on reconsideration. Subsequent to an administrative hearing, an adverse decision was issued by an administrative law judge. (Tr. 32.) After review was denied by the Appeals Council, the administrative decision was affirmed by the United States District Court. Osborne v. Soc. Sec. Admin., No. 7:99-cv-00278-GWU (E.D. Ky. Apr. 28, 2000). On November 8, 1999, Plaintiff filed an application for supplemental security income. That application was also denied initially and on reconsideration. After a second administrative hearing, a second adverse decision was issued by another administrative law judge. (Tr. 32-43.) After review was denied by the Appeals Council, the second administrative decision was affirmed by the United States District Court. Osborne v. Soc. Sec. Admin., No. 7:03-cv-00022-KKC (E.D. Ky. Mar. 18, 2004).

experience consists of employment as nurse's aid in a retirement home. (Tr. 82, 87.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. § 416.920, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2001, the alleged onset date of disability. (Tr. 19.) At the second step, the ALJ found that Plaintiff suffered from an impairment or combination of impairments considered severe within the meaning of the Regulations, see 20 C.F.R. §§ 416.920(c), 416.921. (Tr. 19.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 19.) At the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work, see 20 C.F.R. § 416.960(b)(1). (Tr. 20.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] retains [the] residual functional capacity to perform light level work; limited to simple one-two step directions, without high stress; perform no work at heights or around dangerous machinery or . . . subject the body to vibrations; and can never climb ladders, balance, kneel or crawl; and only occasionally stoop and crouch.

3

Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3] (Tr. 18-20.) Accordingly, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process. See 20 C.F.R. § 416.920(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 7, 2005. (Tr. 4-6.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record No. 6), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 14), which are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding

---

(Tr. 18.)

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in substantial numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In the instant case, at the light level of exertion, the VE identified file clerk (40,000 jobs nationally and 4,000 jobs in the region of Kentucky, Ohio, and West Virginia), hand packer (60,000 nationally and 6,000 regionally), and production inspector (60,000 nationally and 6,000 regionally) as jobs that an individual of Plaintiff's age, educational background, employment history, and assumed limitations could perform. At the sedentary level, the VE identified assembler (150,000 nationally and 15,000 regionally), sorter/selector (150,000 nationally and 15,000 regionally), and machine tender (40,000 nationally and 4,000 regionally). (Tr. 343-344.)

Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076

(6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

  B.  Plaintiff's Contentions on Appeal

On appeal to this Court, Plaintiff presents two claims of error.  First, Plaintiff argues that the ALJ's decision was contrary to the principles of res judicata as applied in the social security context in Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997).  Secondly, Plaintiff argues that the ALJ improperly acted as his own medical expert.

  C. Analysis of Contentions on Appeal

    1.  Drummond

Plaintiff's first argument on appeal to this Court is that the ALJ's decision failed to comport with Drummond.  Specifically, Plaintiff points to the discrepancy between the RFC assessment in a previous disability determination and the RFC assessment in the current disability determination.

In Drummond, the Sixth Circuit held that in the context of social security disability claims, principles of res judicata and collateral estoppel bind both the claimant and the Commissioner.  Id. at 842.  The specific issue in Drummond was

whether an initial ALJ determination had any binding effect on findings reached by an ALJ in a subsequent and separate disability claim. Id. at 840. Answering the question in the affirmative, the Court held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." Id. at 842.

Thus, the issue in this case is whether the ALJ was obligated under Drummond to adopt verbatim the RFC assessment of the previous disability determination. As the Defendant Commissioner aptly remarks, Drummond was a factually unusual case in that the ALJ finding in question was determinative with respect to the issue of disability. In Drummond, the first disability determination produced a finding that the claimant was limited to sedentary work and the second disability determination produced a finding that the claimant was limited to medium work. Id. at 838-839. However, between the time of the first and second disability determinations, the claimant's age crossed a threshold established by the Regulations. Id. The Regulations directed a finding of disability if a claimant was above the age threshold and was limited to sedentary work. Drummond, 126 F.3d at 839; see generally 20 C.F.R. pt. 404, subpt. P, app. 2. Thus, if the initial finding limiting the claimant to sedentary work had been adopted in the second disability determination, the claimant would have been found disabled. Drummond, 126 F.3d at 839.

Essentially, the Defendant Commissioner is arguing that Plaintiff must demonstrate prejudice as a result of the ALJ's failure to adopt the previous RFC assessment. Where an ALJ commits error, a remand is not necessary if it is unlikely to produce a different result. As stated by the Supreme Court, where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6 (1969); see also Kobetic v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 23112 at *6 (6th Cir. Nov. 4, 2004) (refusing to remand where the claimant could not establish that sending the case back to the ALJ would serve any useful purpose and could not establish that the ALJ's res judicata ruling was anything but harmless error"); Krauss v. Comm'r of Soc. Sec., 2002 U.S. App. LEXIS 12863 at *4 (6th Cir. June 26, 2002) (ALJ's failure to ask the VE the number of jobs that the claimant could perform was harmless error where the VE stated that the claimant could perform sedentary and light clerical jobs and the Dictionary of Occupational Titles contained over five hundred different occupational titles in the clerical field describing thousands of jobs in the labor market).

In Drummond, prejudice was evident because the claimant would have automatically been found disabled had the prior RFC assessment been adopted. In the instant case, prejudice is not as evident and Plaintiff's memorandum in support of her

8

motion for summary judgment fails to demonstrate a likelihood that a finding of disability would have been reached had the ALJ adopted the prior RFC assessment.

In the cases reversing an ALJ's decision on the basis of res judicata, the variation in the findings of a prior and subsequent administrative decision related to an enhancement in a claimant's exertional limitations or a change in vocational factors, rather than minor restrictions or variations in wording having no real effect on the substance of the RFC. See Drummond, 126 F.3d at 838-839 (RFC enhanced from sedentary work to medium work); Crow v. Comm'r of Soc. Sec., 1998 U.S. Dist. LEXIS 16789 at *14 (W.D. Mich. Sept. 22, 1998) (RFC enhanced from sedentary work to light work); Jackson v. Apfel, 74 F. Supp. 2d 698, 700 (E.D. Mich. 1999) (contrary to a finding in a previous ALJ decision, subsequent ALJ found that the claimant had transferable skills); see also Gallart v. Apfel, 2000 U.S. Dist. LEXIS 8487 at *2-3 (M.D. Fla. June 13, 2000) (RFC enhanced from sedentary work to light work).

Dissimilarly, although not exactly carbon copies, there is no stark contrast between the prior RFC assessment and the RFC assessment in the instant case. Both RFC assessments established that Plaintiff was limited to the light level of exertion. Additionally, the two RFC assessment substantially correspond with respect to most of Plaintiff's other areas of limitation. (See Tr. 18, 41-42.) More importantly, in the

memorandum in support of her motion for summary judgment, Plaintiff fails to focus the Court's attention on the variations or omissions from the prior RFC assessment that, if the ALJ had adopted in the instant case, could have altered the ultimate finding of non-disability.

Furthermore, under the Drummond standard, the ALJ was bound by the findings of the previous disability determination only if the record lacked new evidence of an improvement. 126 F.3d at 842. As the Defendant Commissioner again correctly remarks, the ALJ cited, almost exclusively, to new evidence in support of his decision finding Plaintiff not disabled. Because Plaintiff rests her argument completely on the ALJ's failure to adopt verbatim the prior RFC assessment and fails to challenge the ALJ's treatment of the evidence, the Court discerns no reason to disturb the ALJ's RFC assessment and his ultimate decision finding Plaintiff not disabled.

### 2. ALJ serving as own medical expert

Plaintiff's second argument on appeal to this Court is that the ALJ improperly acted as his own medical expert by rejecting Dr. Stuart A. Cooke's psychological consultative examination. After summarizing Dr. Cooke's findings[4], the ALJ stated

---

[4] Dr. Cooke opined that Plaintiff would have a fair ability to follow work rules and a poor ability to relate to other people, deal with work-related stresses, maintain attention and concentration, and demonstrate reliability. (Tr. 315.)

as follows:

> I have considered the examiner's opinion relative to the weight of the objective and credible evidence of record.  I am not persuaded the evidence supports the limitations as reported by the examiner.  Therefore, I have given this opinion little weight as to [Plaintiff's] functional limitations.

(Tr. 16.)  Plaintiff argues that the ALJ erred in attaching diminished weight to Dr. Cooke's opinion because it constituted the substitution of the ALJ's judgment for the judgment of a medical expert.

The Regulations provide that the final responsibility for deciding issues of disability, RFC, applicability of a Listing, and application of vocational factors rests with the Commissioner.  20 C.F.R. § 416.927(e)(2).  In making these determinations, all medical opinions must be considered and weighed in accordance with the factors provided in the Regulations.  See generally 20 C.F.R. § 416.927(d).  When the record contains conflicting evidence, it is the function of the ALJ to weigh the evidence and resolve the conflicts.  See Chandler v. Comm'r of Soc. Sec., 2005 U.S. App. Lexis 3264 at *9 (6th Cir. Feb. 23, 2005); Acquaviva v. Sec'y of Health & Human Servs., 1983 U.S. App. LEXIS 12275 at *5 (6th Cir. Dec. 9, 1983); Mercer v. Matthews, 403 F. Supp. 1350, 1354 (E.D. Ky. 1975).

Consistency is one factor that the Regulations direct an ALJ to consider in deciding the amount of weight to attach to a particular opinion.  20 C.F.R. §

11

416.927(d)(4). Thus, by noting that the limitations identified by Dr. Cooke were unsupported by the evidence in the record, the ALJ was simply adhering to the regulatory framework for the evaluation of medical opinions, see 20 C.F.R. § 416.927(d), and performing his role as the fact finder with the responsibility of resolving conflicts in the evidence, see Chandler, 2005 U.S. App. Lexis 3264 at *9; Acquaviva, 1983 U.S. App. LEXIS 12275 at *5; Mercer, 403 F. Supp. at 1354. The ALJ was not, as Plaintiff suggests, exercising medical expertise.

The record does contain support for the ALJ's decision to diminish the weight afforded to the limitations identified by Dr. Cooke. As the Defendant Commissioner remarks, although Plaintiff presented to Dr. Cooke that she was incapable of bathing, dressing herself without help, or getting into a bathtub, and that she hallucinated, the Mountain Comprehensive Care Center treatment notes make no mention of such problems. (Tr. 212-266, 271-285, 313-314.) Similarly, while Plaintiff told Dr. Cooke that she was experiencing difficulty sleeping, the Mountain Comprehensive Care Center treatment notes indicate that Plaintiff reported a normal sleeping pattern on numerous occasions. (Tr. 215, 218, 229, 232, 236, 240, 273, 277, 283, 311-312.) Furthermore, a mental status exam completed at Mountain Comprehensive Care Center reported that: Plaintiff's appearance was appropriate; she interacted cooperatively; she was attentive, alert, reliable and honest; she was orientated as to

person, place, and time; her judgment was sound as she understood the consequences of her actions; her estimated intelligence was in the average range; her speech and thought were clear; and, her recent and remote memory were intact. (Tr. 213.)

Additionally, Dr. Cooke's report contains some inconsistencies. For example, while the body of Dr. Cooke's report indicated that Plaintiff's ability to relate to other people would be poor, in a medical assessment of Plaintiff's ability to perform work-related activities, Dr. Cooke reported that Plaintiff's ability to relate to co-workers would be fair. (Tr. 315-316.) Internal inconsistencies is another factor that an ALJ may properly consider in determining the amount of weight to afford a medical opinion. See Swift v. Sec'y of Health & Human Servs., 1990 U.S. App. LEXIS 8744 at *4-6 (6th Cir. May 30, 1990). **Where, as in the instant case, the decision of the ALJ is supported by substantial evidence in the record, the ALJ's decision must be affirmed even if a reviewing court may disagree with the reasoning or the outcome.**[5] See Lucido v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 16338 at *3 (6th Cir. Aug.

---

[5] Plaintiff submits the case of Green v. Apfel, 204 F.3d 780 (7th Cir. 2000), in support of her argument that the ALJ erred by improperly acting as his own medical expert. Besides being merely persuasive authority, Green is also distinguishable. In Green, the Seventh Circuit reversed the denial of benefits by an ALJ and remanded with instructions that a physician examine the claimant or his records to determine whether a disability existed. Id. at 782. The Court noted that the ALJ rejected the claimant's complaints of pain and failed to consider the aggregate effect of claimant's ailments. Id. at 781-82. The Court concluded that the ALJ failed to build a bridge from the evidence to his conclusions because his analysis did not provide a rational basis for the denial of benefits. Id. at 781. In contrast, the ALJ in the instant case did provide a rational basis for the denial of benefits.

5, 2004); Turcus v. Soc. Sec. Admin., 2004 U.S. App. LEXIS 20367 at *3 (6th Cir. Sept. 17, 2004); Hopkins v. Comm'r of Soc. Sec., 2004 U.S. App. LEXIS 8872 at *3 (6th Cir. May 3, 2004).

## IV.  CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69.  In the instant case, substantial evidence exists in the record to support the ALJ's finding that consistent with her age, educational background, past relevant work experience and RFC, Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.  The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.  Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)   Defendant Commissioner's motion for summary judgment (Record No. 14) is hereby GRANTED.

(2)   Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3)   Judgment be entered affirming the Commissioner's decision, dismissing

this action with prejudice, and directing that this action be stricken from the Court's docket.

    Signed February 1, 2006.



Date of Entry and Service: